UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD J. POWNALL and AMERICAN
PROPERTY GROUP IV, INC.,

    Plaintiffs,

v.

LOCAL TRADESMEN GROUP, LLC,
NAHAKAMA, LLC,
STEPHEN MUSHAHWAR,
BRUNO EDWARDS,
SCOTT ROWAN,
CHUN LI PENG, and
C.L. PENG CONSTRUCTION
MANAGEMENT, INC.,

    Defendants.

Case No. 8:19-cv-2669

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs RONALD J. POWNALL and AMERICAN PROPERTY GROUP IV, INC., by and through the undersigned counsel, hereby sue Defendants LOCAL TRADESMEN GROUP, LLC, NAHAKAMA, LLC, STEPHEN MUSHAHWAR, BRUNO EDWARDS, SCOTT ROWAN, CHUN LI PENG, and C.L. PENG CONSTRUCTION MANAGEMENT, INC. and state as follows:

### CAUSES OF ACTION

1. This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§ 201, et. seq., Article X, Section 24, Florida Constitution, Fla. Stat. § 68.065 and Florida contract law.

### PARTIES

2. Plaintiff Pownall, at all material times, was employed by Defendants and resides in Pinellas County, Florida.

1

3. Plaintiff American Property Group IV, Inc. ("APG") is a Florida Corporation with a principal address of 8349 Monarch Circle, Seminole, FL 33772.

4. Defendant Local Tradesmen Group, LLC is a Florida Limited Liability Company with a principal address of 2260 5th Ave South, Suite 9, St. Petersburg, FL 33712.

5. Defendant Nahakama, LLC is a Florida Limited Liability Company and a member of Defendant Local Tradesmen with a principal address of 2260 5th Ave South, Suite 9, St. Petersburg.

6. Defendant Mushahwar is a member of Defendant Local Tradesmen and resides in Pinellas County, Florida.

7. Defendant Edwards is a member of Defendant Local Tradesmen and resides in Pinellas County, Florida

8. Defendant Rowan is a member of Defendant Local Tradesmen and resides in Pinellas County, Florida.

9. Defendant Peng is a member of Defendant Local Tradesmen and resides in Pinellas County, Florida.

10. Defendant C.L. Peng Construction Management, Inc. is a Florida Profit Corporation with a principal place of business at 5222 Andrus Ave., Suite A, Orlando, FL 32810.

**JURISDICTION AND VENUE**

11. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act (FLSA).

12. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C., § 1367.

13. Venue is proper in the United States District Court for the Middle District of Florida because Defendants reside in and all of the events giving rise to Plaintiff's claims occurred in Pinellas County which is located within the Middle District of Florida.

14. Venue is proper in the Tampa Division under Local Rule l.02(b)(5) since the action accrued in Pinellas County, Florida.

15. All conditions precedent to bringing this action have been performed, excused, or waived.

**GENERAL ALLEGATIONS**

*A.   Plaintiff's Employment with Defendants and Unpaid Wages*

16. Defendants are engaged in the business of construction.

17. At all times material hereto, Defendants Local Tradesmen and Nahakama were singularly or jointly "an enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) and therefore were covered employers subject to the wage and hour requirements of the FLSA including the payment of minimum and overtime wages to non-exempt employees.

18. At all times relevant, Defendants Local Tradesmen and Nahakama singularly or jointly had annual gross revenues of at least $500,000.00.

19. At all times relevant, Defendants Local Tradesmen and Nahakama singularly or jointly employed two or more individuals who handled materials that were manufactured outside of the state of Florida and moved through interstate commerce.

20. At all times relevant, Defendants Local Tradesmen and Nahakama singularly or jointly employed two or more individuals who utilized power tools and machinery that were manufactured outside of the state of Florida and moved through interstate commerce.

21. Through the exercise of dominion and control over all employee related matters, including pay policies of Defendants Edwards, Rowan, Mushahwar, and Peng, in their individual

capacities, were, at all times relevant, employers within the meaning of 29 U.S.C. § 203(d) of the FLSA.

22. By virtue of being covered employers under the FLSA, the Defendants are considered employers subject to the minimum wage requirements of Article X, Section 24, Florida Constitution.

23. Pursuant to a letter agreement executed by the parties, Defendant Local Tradesmen hired Plaintiff Pownall as a Chief Operating Officer and Chief Sales Officer on or about May 22, 2018. A true and correct copy of the letter agreement is attached hereto as **Exhibit A**.

24. Pownall was hired at an annual salary of $75,000.00.

25. Pownall was to be paid on a bi-weekly basis.

26. Defendants Edwards, Mushahwar, Rowan, Peng, and C.L. Peng Construction Management, Inc. exercised full control over Pownall's wages, hours, and working conditions.

27. For multiple workweeks, Defendants failed to pay Pownall his contractual salary.

28. Defendants currently owe Plaintiff at least $6,200.00 in unpaid contractual wages.

29. For multiple workweeks, Defendants failed to pay Pownall wages of any kind, let alone his promised salary.

30. For said workweeks, Defendants violated Article X, Section 24, Florida Constitution by failing to pay Pownall at least the Florida minimum wage for each hour worked.

31. For said workweeks, Defendants violated the FLSA by failing to pay Pownall at least the federal minimum wage for each hour worked.

32. Throughout his employment with Defendants, Pownall worked in excess of forty (40) hours per week.

33. Pownall routinely worked six days per week with each workday often lasting from 7:00 am until 7:00 pm.

34. Defendants violated the FLSA by failing to pay Pownall overtime compensation for all hours worked in excess of forty (40) hours.

35. Pownall has retained the undersigned counsel to bring the instant action for which costs and attorneys' fees have been incurred and will continue to be incurred for said representation.

**B.     *Pinellas County Construction Licensing Board Issues Citations to Plaintiff***

36. Plaintiff was hired by Mr. Chun Li Peng for Plaintiff, ostensibly to work as a salesman for Mr. Peng's companies C.L. Peng Construction Management, Inc. and Local Tradesmen Group, LLC under Mr. Peng's Certified General Contractor's license numbers CGC060303 and CGC1509402, respectively.

37. Mr. Peng improperly directed Plaintiff that it would be proper for Plaintiff to act as a salesman on behalf of C.L. Peng Construction Management, Inc. through Local Tradesmen Group, LLC on the basis that the former would provide appropriate construction supervision and liability insurance to Local Tradesmen Group, LLC via a Subcontractor Agreement, a true and correct copy of which is attached hereto as **Exhibit B** (hereinafter the "Subcontractor Agreement").

38. Mr. Peng, as President of C.L. Peng Construction Management, Inc., purportedly evidenced this relationship through two letters dated September 20, 2018 attached hereto as **Exhibit C**.

39. Despite the representations made to Plaintiff as described above, Defendant's Certified General Contractor's License CGC1509402 was actually assigned to a different company, 5 Star Kitchen and Bath, LLC.

40. The Subcontractor Agreement between Local Tradesmen Group, LLC and C.L. Peng Construction Management, Inc. sets forth in pertinent part as follows:

> <u>Indemnification for Subcontractor's Actions</u>. To the extent permitted by law, [C.L. Peng Construction Management, Inc.] shall indemnify, defend and hold [Local Tradesmen Group, LLC] and its shareholders, directors, **officers, employees, and agents** harmless against all losses or claims and costs incidental thereto (including costs of defense, settlement, and reasonable attorney's fees) which any and all of them may incur . . . which arise out of or are in any way connected with: (i) the performance of the Subcontractor Agreement; (ii) the negligent acts or omissions of Subcontractor, Subcontractor's employee, agents, and contractors; (iii) Subcontractor's breach of [the Subcontractor Agreement]; or (iv) or Subcontractor's failure to comply with applicable laws, ordinances, and regulations.
>
> (***emphasis added***).

41. Over the course of providing the services referenced above from late 2018 through early 2019, Plaintiff was the target of a number of citations, attached hereto as **Exhibit D**, issued by the Pinellas County Construction Licensing Board concerning Defendants' construction projects, including (hereinafter, the "Citations"):

  a. C-18-1579 9/25/18 Aiding and Abetting Un-licensed subcontractors to perform flatwork/pavers a trade that requires a license within Pinellas County FL;

  b. C-18-1576 9/25/18 Aiding and abetting unlicensed subcontractors to perform demo/removal of sidewalk/driveway of concrete and install pavers;

  c. C-18-1575 Engaged in the business of construction trades without the required license within Pinellas County FL. Demo of sidewalk/driveway and installation of pavers;

  d. C-18-1585 9/25/18 Advertised for work requiring licensure within Pinellas County, FL without the required license via business cards, yards signs, and Craigslist Ad id# 6704808660. Paving, painting, and other trade services.

6

        No license number was listed in the advertisements as required and a search indicates that this person/company does not have the required license(s) for these types of work;

e. C-18-1580 9/25/18 Aiding and abetting unlicensed subcontractors to perform painting which requires a license within Pinellas County, FL. Recruiting unlicensed individuals via Craigslist ad # 6704808660 for painting;

f. C-19-1028 Advertised for work requiring licensure within Pinellas County, FL without the required license via https://www.yelp.com/biz/american-property-group-paint-service-no-title. Services offered included painting services. No license number was listed in the advertisement(s) as required and a search indicates that this person/company does not have the required license(s) for these types of work;

g. C-19-1027 Advertisement for work requiring licensure within Pinellas County, FL without the required license via https://www.homeadvisor.com/rated.AmericanPropertyGroup.68988219.html. Services offered include painting services, handyman. No license number was listed in the advertisement(s) as required and a search indicates that this person/company does not have the required license(s) for these types of work;

h. C-19-970 Advertised for work requiring licensure within Pinellas County, FL without the required license via Facebook.com/remodel4hire/. Services include residential remodeling and painting. No license number was listed

       in the advertisement(s) as required and a search indicates that this person/company does not have the required license(s) for these types of work.;

    i. C-19-971 Advertised for work requiring licensure within Pinellas County, FL without the required license via: www.remodel4hire.com. Services include full service remodeling/building. No license number was listed in the advertisement(s) as required and a search indicates that this person/company does not have the required license(s) for these types of work.

  42. As a result of receiving the Citations, Plaintiff retained a law firm (Cotney Construction Law) to represent him through the proceedings and incurred reasonable attorney's fees and reasonable and proper legal costs and expenses which he was compelled to pay a result of enforcement proceedings against him for concerning indemnifiable matters within the scope of his employment with Defendants.

  43. As a result of receiving the Citations, Plaintiff was ordered to pay fines and costs to the Pinellas County Construction Licensing Board for sustained violations.

## C. *Defendants C.L. Peng Construction Management, Inc. and Local Tradesmen Group, LLC Fail to Indemnify Plaintiff for the Citations*

  44. The fines, costs, expenses, fees, and other losses incurred by Plaintiff as a result of receiving the Citations were incurred wholly without fault of Plaintiff.

  45. Defendants Local Tradesmen Group, LLC and C.L. Peng Construction Management, Inc. are at fault for Plaintiff incurring fines, costs, expenses, fees, and other losses incurred by Plaintiff as a result of receiving the Citations.

46. Pursuant to Plaintiff's right to indemnification, Plaintiff submitted a claim to be indemnified by Local Tradesmen Group, LLC for losses and expenses associated with the Citations to Scott Rowan of Local Tradesman Group, LLC.

47. In response to Plaintiff's claim submission, Local Tradesman Group, LLC drafted a check to Plaintiff in the amount of four thousand dollars ($4,000) representing the fines associated with the Citations and another check to Plaintiff in the amount of three thousand one hundred dollars ($3,100) representing unpaid salary.

48. The checks presented to Plaintiff were dishonored by Plaintiff's bank due to deliberate and unjustified stop payments issued by Defendants Rowan and Local Tradesman Group, LLC designed to defraud Plaintiff. True and correct copies of the dishonored checks are attached as **Exhibit E**.

49. Pursuant to Fla. Stat. § 68.065, Plaintiff sent written demands (via certified mail) to Scott Rowan of Local Tradesman Group, LLC substantially in the form provided under the statute to recover the face value of the checks and the attendant service charge. True and correct copies of the demands are attached as **Exhibit F**.

50. Defendants failed to respond to the presuit notice and have not otherwise compensated Plaintiff for the dishonored checks.

51. As a result of Defendants' failure to honor its obligations as indemnitors, Plaintiff retained undersigned counsel and is obligated to pay counsel a reasonable fee for their services.

52. The Subcontractor Agreement provides in pertinent part that Plaintiff is entitled to indemnification of "all losses or claims and costs incidental thereto (including costs of defense, settlement, and reasonable attorney's fees). . . which arise out of or are in any way connected with:

(i) the performance of the Subcontractor Agreement; [and] (iii) Subcontractor's breach of [the Subcontractor Agreement].

## COUNT I
### *(Breach of Contract- Unpaid Wages; Plaintiff Pownall against all Defendants)*

53. Plaintiff Pownall realleges and adopts, as if fully set forth in Count I, the

54. allegations in paragraphs 1 through 35.

55. Defendants were contractually obligated to pay Plaintiff Pownall an annualized salary of $75,000.00 which was to be paid on a bi-weekly basis.

56. All conditions precedent to Plaintiff Pownall's receipt of his contractually agreed wages for all workweeks were met.

57. Defendants have breached its contractual obligations to Plaintiff Pownall by failing to pay him his agreed salary for one or more workweeks.

58. On account of Defendant's conduct, Plaintiff has been damaged in the way of unpaid employment compensation.

WHEREFORE, Plaintiff Pownall demands judgment against Defendants, jointly and severally, for his unpaid contractual compensation plus prejudgment interest, together with the costs of suit and reasonable attorney's fees (pursuant to Fla.Stat., Section 448.08), and such other and further relief that the Court deems just and proper.

## COUNT II
### *(Failure to Pay Minimum Wages in violation of Article X, Section 24, Florida Constitution- Plaintiff Pownall against all Defendants)*

59. Plaintiff Pownall realleges and adopt, as if fully set forth in Count II, the allegations in paragraphs 1 through 35.

60. Plaintiff Pownall was entitled to be paid at least the applicable Florida minimum wage for all hours worked during his employment with Defendants.

61. For multiple workweeks, Defendants willfully failed to pay Plaintiff Pownall at least the Florida minimum wage for all hours worked.

62. Defendants owe Plaintiff Pownall unpaid Florida minimum wages plus an additional amount in the way of liquidated damages equal to the amount of unpaid minimum wages.

63. Defendants did not make a good faith effort to comply with Art. X, Sec. 24 respect to their compensation of Plaintiff Pownall.

WHEREFORE, Plaintiff Pownall demands judgment against all of the Defendants, jointly and severally, for unpaid Florida minimum wages plus an equal amount in the way of liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to Art. X, Sec. 24), and such other and further relief that the Court deems just and proper.

## COUNT III
**(Failure to Pay Minimum Wages in violation of the FLSA- all Defendants)**

64. Plaintiff Pownall realleges and adopt, as if fully set forth in Count III, the allegations in paragraphs 1 through 35.

65. The FLSA requires that every covered employer shall pay each of their non-exempt employees the applicable minimum wage. 29 U.S.C. § 206(a).

66. Plaintiff Pownall was entitled to be paid at least the applicable federal minimum wage for all hours he worked during his employment with Defendants.

67. For multiple workweeks, Defendants willfully failed to pay Plaintiff Pownall at least the federal minimum wage for all hours worked.

68. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff Pownall.

69. Defendants owe Plaintiff Pownall his unpaid federal minimum wages plus an additional amount in the way of liquidated damages equal to his unpaid minimum wages.

WHEREFORE, Plaintiff Pownall demands judgment against all of the Defendants, jointly and severally, for unpaid minimum wages plus an equal amount in the way of liquidated damages, prejudgment interest together with the costs of suit, reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## COUNT IV
### (Failure to Pay Overtime Wages in violation of the FLSA, 29 U.S.C. Section 207- Plaintiff Pownall against all Defendants)

70. Plaintiff Pownall realleges and adopt, as if fully set forth in Count IV, the allegations in paragraphs 1 through 35.

71. During the relevant time period, Defendants routinely required Plaintiff Pownall to work in excess of forty (40) hours in a workweek.

72. In violation of the FLSA, Defendants willfully failed to pay Plaintiff Pownall at time and one-half his regular hourly rate for each hour worked in excess of forty (40) hours in a workweek.

73. As a direct result of Defendants' violation of the FLSA, Plaintiff Pownall has suffered damages in the way of unpaid overtime compensation.

74. Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff Pownall.

75. Plaintiff Pownall is entitled to recover from Defendants the unpaid overtime compensation, and an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against all of the Defendants, jointly and severally, for unpaid overtime compensation, liquidated damages, prejudgment interest together

with the costs of suit and reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## COUNT V
*(Contractual Indemnification – C.L. Peng Construction Management, Inc.)*

76. Plaintiff realleges and adopt, as if fully set forth in Count V, the allegations in paragraphs 1 through 15 and 36 through 55.

77. Defendants C.L. Peng Construction Management, Inc. and Local Tradesmen Group, LLC are vicariously, constructively, derivatively, or technically liable for the negligent and/or wrongful acts and omissions acts and omissions that occurred resulting in the Citations.

78. Plaintiff Pownall's exposure to the losses associated with the Citations, including attorney's fees in defending the citations, is based entirely on his vicarious relationships with indemnitors C.L. Peng Construction Management, Inc. and Local Tradesmen Group, LLC as described in the Subcontractor Agreement.

79. Plaintiff is a third-party beneficiary of the Subcontractor Agreement.

80. Plaintiff has affirmatively sought indemnification for the losses from Defendants C.L. Peng Construction Management, Inc. and Local Tradesmen Group, LLC, who have failed to so indemnify Plaintiff.

81. Defendants C.L. Peng Construction Management, Inc. has breached its contractual duty to indemnify Plaintiff for the fines, attorney's fees and costs incurred as a result of the Citations.

82. On account of Defendants C.L. Peng Construction Management, Inc.'s breach of their contractual duty to indemnify Plaintiff, Plaintiff has incurred economic losses by way of fines, attorney's fees and related costs.

WHEREFORE, Plaintiff prays for judgment declaring Plaintiff's right to indemnification as a third-party beneficiary of the Subcontractor Agreement and ordering Defendants C.L. Peng Construction Management, Inc. to pay the full amount of expenses and losses Plaintiff has incurred and will incur, including reasonable attorney's fees, in connection with the Citations, along with costs, interests, and any other relief the Court deems just and proper.

### COUNT VI
*(Common Law Indemnification – C.L. Peng Construction Management, Inc., Local Tradesmen Group, LLC, and Nahakama, LLC)*

83. Plaintiff realleges and adopt, as if fully set forth in Count VI, the allegations in paragraphs 1 through 15 and 36 through 55.

84. Defendants Local Tradesmen Group, LLC, C.L. Peng Construction Management, Inc., and Nahakama, LLC are vicariously, constructively, derivatively, or technically liable for the negligent and/or wrongful acts and omissions that occurred resulting in the Citations.

85. Plaintiff's exposure to the losses associated with the Citations is based entirely on his special vicarious relationships with indemnitors C.L. Peng Construction Management, Inc., Local Tradesmen Group, LLC, and Nahakama, LLC.

86. Plaintiff has affirmatively sought indemnification for the losses from Defendants C.L. Peng Construction Management, Inc., Local Tradesmen Group, LLC, and Nahakama, LLC, who have failed to so indemnify Plaintiff. Defendants Local Tradesmen Group, LLC and Nahakama, LLC, however, Local Tradesmen Group, LLC initially sent a partial indemnification payment to Plaintiff that was later rejected by Plaintiff's financial institution.

87. Defendants Local Tradesmen Group, LLC, C.L. Peng Construction Management, Inc., and Nahakama, LLC have breached their duty to indemnify Plaintiff for the fines, attorney's fees and costs incurred as a result of the Citations.

88. On account of Local Tradesmen Group, LLC's and Nahakama, LLC breach of their duty to indemnify Plaintiff, Plaintiff has incurred economic losses by way of fines, attorney's fees and related costs.

WHEREFORE, Plaintiff prays for judgment ordering Defendants Local Tradesmen Group, LLC, C.L. Peng Construction Management, Inc., and Nahakama, LLC to pay the full amount of expenses and losses Plaintiff has incurred and will incur, including reasonable attorney's fees, in connection with the Citations, along with costs, interests, and any other relief the Court deems just and proper.

## COUNT VIII
*(Common Law Contribution – C.L. Peng Construction Management, Inc.*
*Local Tradesmen Group, LLC, and Nahakama, LLC—In the Alternative to Count VII)*

89. Plaintiff realleges and adopt, as if fully set forth in Count VIII, the allegations in paragraphs 1 through 15 and 36 through 55.

90. Defendants C.L. Peng Construction Management, Inc., Local Tradesmen Group, LLC, and Nahakama, LLC are vicariously, constructively, derivatively, or technically liable for the negligent and/or wrongful acts and omissions that occurred resulting in the Citations.

91. Plaintiff's exposure to the losses associated with the Citations is based entirely on his special vicarious relationships with contributors C.L. Peng Construction Management, Inc., Local Tradesmen Group, LLC, and Nahakama, LLC.

92. Plaintiff has affirmatively sought contribution for the losses from Defendants C.L. Peng Construction Management, Inc., Local Tradesmen Group, LLC, and Nahakama, LLC, Defendants Local Tradesmen Group, LLC and Nahakama, LLC, who have failed to contribute based on their ratable portion of the losses due to the Citations. However, Local Tradesmen Group, LLC initially sent a partial contribution payment to Plaintiff that was later rejected by Plaintiff's financial institution.

93. Defendants C.L. Peng Construction Management, Inc., Local Tradesmen Group, LLC, and Nahakama, LLC have breached their duty to pay their respective ratable portions of contribution to Plaintiff for the losses, attorney's fees and costs incurred as a result of the Citations.

94. On account of Defendants C.L. Peng Construction Management, Inc., Local Tradesmen Group, LLC, and Nahakama, LLC breach of their duty to pay their respective ratable portions of contribution to Plaintiff, Plaintiff has incurred economic losses by way of fines, attorney's fees and related costs.

WHEREFORE, Plaintiff prays for judgment ordering Defendants pay their respective ratable portions of contribution to Plaintiff to pay their respective ratable portions of contribution to Plaintiff for expenses and losses Plaintiff has incurred and will incur, including reasonable attorney's fees, in connection with the Citations, along with costs, interests, and any other relief the Court deems just and proper.

### COUNT VIII
*(Fees-on-Fees Concerning Indemnification – C.L. Peng Construction Management, Inc.)*

95. Plaintiff realleges and adopt, as if fully set forth in Count VIII, the allegations in paragraphs 1 through 15 and 36 through 55.

96. Defendant C.L. Peng Construction Management, Inc. has failed to perform and are in breach of the Subcontractor Agreement by virtue of their failure to indemnify Plaintiff for losses and costs associated with the Citations.

97. As a result of Defendant C.L. Peng Construction Management, Inc.'s failure and breach, Plaintiff has engaged the undersigned counsel to enforce performance of the Subcontractor Agreement and is required to pay his attorneys a reasonable fee.

98.     Per the Subcontractor Agreement, Defendant C.L. Peng Construction Management, Inc. is contractually obligated to indemnify Plaintiff for his reasonable attorney's fees and costs incurred in pursuing indemnification in this action.

WHEREFORE, Plaintiff prays for judgment ordering Defendant C.L. Peng Construction Management, Inc. to pay Plaintiff's reasonable attorney's fees and expenses incurred in connection with this indemnification action along with costs, interests, and any other relief the Court deems just and proper.

## COUNT IX
### (Bad Check Action –Local Tradesmen Group, LLC)

99.     Plaintiff realleges and adopt, as if fully set forth in Count VIII, the allegations in paragraphs 1 through 15 and 36 through 55.

100.    The checks presented to Plaintiff were dishonored by Plaintiff's bank due to a stop payment issued by Defendants Rowan and Local Tradesman Group, LLC.

101.    Defendants' act of stopping payment on the check was done with the intent to defraud Plaintiff.

102.    Plaintiff complied with the presuit notice provisions of Fla. Stat. § 68.065.

103.    Defendants failed to comply with Plaintiff's presuit notice in that they did not pay the face value of the dishonored instruments in cash to Plaintiff within 30 days following the presuit notice.

104.    As a result of Defendants' issuance of a worthless payment instruments and failure to cure after receiving a presuit notice under Fla. Stat. § 68.065, Plaintiff has been damaged.

105.    Defendant Local Tradesman Group, LLC is liable to Plaintiff for the underlying face value of the dishonored checks plus three times the value of the dishonored payment instruments plus reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment ordering Defendant Local Tradesman Group, LLC to pay the face value of the bad payment instruments, plus statutory damages equal to three times the value of the payment instruments along with costs, reasonable attorney's fees, and any other relief the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury as to all triable issues.

Dated this 25th day of October 2019.               Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
mikepierro@rmpemploymentlaw.com
**LAW OFFICE OF**
**R. MICHAEL PIERRO, JR., P.A.**
146 Second Street North – Suite 310
St. Petersburg, Florida 33701
(727) 201-2573 | (727) 491-7072 – Fax

and

BRIAN K. CALCIANO
Florida Bar No. 108879
brian@flemploymentlaw.com
**BRIAN CALCIANO, P.A.**
146 Second Street North – Suite 310-DD
St. Petersburg, Florida 33701
(727) 202-4516 | 727-478-4580 – Fax

*Trial Counsel for Plaintiffs*