UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD J. POWNALL and AMERICAN
PROPERTY GROUP IV, INC.

    Plaintiffs,

vs.                                                  Case No. 8:19-cv-02669-SCB-JSS

LOCAL TRADESMEN GROUP, LLC
NAHAKAMA, LLC,
STEPHEN MUSHAHWAR,
BRUNO EDWARDS,
SCOTT ROWAN,
CHUN LI PENG, and
C.I. PENG CONSTRUCTION
MANAGEMENT, INC.

    Defendants.
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT**

Defendants, LOCAL TRADESMEN GROUP, LLC ("Local Tradesmen"), NAHAKAMA, LLC ("Nahakama"), STEPHEN MUSHAHWAR ("Mushahwar"), and SCOTT ROWAN ("Rowan"), (collectively, "Defendants") by and through their undersigned counsel, hereby file their Answer to Plaintiffs' Amended Complaint and Demand for Jury Trial as follows:

**CAUSES OF ACTION**

1. Admit existence of Act for jurisdictional purposes only but deny Plaintiffs are entitled to any relief thereunder.

**PARTIES**

2. Deny all allegations in paragraph 2.

3. Unknown to these Defendants and therefore deny.

1

4. Admit.

5. Admit all allegations but deny it is a member of Local Tradesmen.

6. Deny except admit he is a resident of Pinellas.

7. Deny Edwards is a member of Local Tradesmen. Unknown to these Defendants as to his current residence and therefore deny.

8. Deny except admit he is a resident of Pinellas.

9. Deny he is a member of Local Tradesmen. Unknown to these Defendants as to his current residence and therefore deny.

10. As the allegations in paragraph 10 are not against these Defendants, these allegations are unknown and therefore are denied.

## JURISDICTION AND VENUE

11. Admit for jurisdictional purposes only, Deny Plaintiffs are entitled to any relief under the FLSA.

12. Admit for jurisdictional purposes only but deny Plaintiffs are entitled to any relief whatsoever and further state that if the FLSA claims are dismissed there is no supplemental jurisdiction for the state law claims.

13. Admit for venue purposes only but deny Plaintiffs are entitled to any relief whatsoever and deny that all Defendants reside in Pinellas County but admit certain Defendants reside in Pinellas County.

14. Admit for venue purposes only but deny Plaintiffs are entitled to any relief whatsoever.

15. Deny.

## **GENERAL ALLEGATIONS**

16. Deny.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Unknown therefore Deny.

38. Deny.

39. Deny.

40. Unknown therefore Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Admit that Plaintiff requested to be reimbursed for certain citations, deny remaining allegations.

49. Deny the allegations but admit it drafted a check to Plaintiff Pownall for $4,000 and to American Property Management for $3,100.

50. Deny but state that a check for $3,100 was reissued to American Property Management and cashed.

51. Deny.

52. Deny.

53. Unknown therefore Deny.

54. Deny.

**COUNT I**
**(Breach of Contract – Unpaid Wages; Plaintiff Pownall against Defendant Local Tradesmen)**

55. Defendants restate and reallege their answers to Paragraphs 1 through 54 as if set forth fully here.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

WHEREFORE, Defendants deny all relief sought by Plaintiffs in their prayer for relief, and further request judgment be entered in their favor and against Plaintiffs, including all costs and attorneys' fees incurred defending this matter and all other relief this Court deems just.

**COUNT II**
**(Failure to Pay Minimum Wages in violation of Article X, Section 24, Florida Constitution – Plaintiff Pownall against all Defendants**)

60. Defendants restate and reallege their answers to paragraphs 1 through 54 as if fully set forth herein.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

WHEREFORE, Defendants deny all relief sought by Plaintiffs in their prayer for relief, and further request judgment be entered in their favor and against Plaintiffs, including all costs and attorneys' fees incurred defending this matter and all other relief this Court deems just.

5

## COUNT III
**(Failure to Pay Minimum Wages in violation of FLSA - all Defendants)**

65. Defendants restate and reallege their answers to paragraphs 1 through 54 as if fully set forth herein.

66. Admit the existence of the FLSA but deny that Plaintiff Pownall is entitled to any relief against the Defendants pursuant to the FLSA.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

WHEREFORE, Defendants deny all relief sought by Plaintiffs in their prayer for relief, and further request judgment be entered in their favor and against Plaintiffs, including all costs and attorneys' fees incurred defending this matter and all other relief this Court deems just.

## COUNT IV
**(Failure to Pay Overtime Wages in violation of the FLSA,
29 U.S.C. Section 207 – Plaintiff Pownall against all Defendants)**

71. Defendants restate and reallege their answers to paragraphs 1 through 54 as if fully set forth herein.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

WHEREFORE, Defendants deny all relief sought by Plaintiffs in their prayer for relief, and further request judgment be entered in their favor and against Plaintiffs, including all costs and attorneys' fees incurred defending this matter and all other relief this Court deems just.

### COUNT V
### (Contractual Indemnification – C.L. Peng Construction Management, Inc.)

As the allegations in Count V are not against these Defendants, Defendants make no response to the allegations in Count V. To the extent that any of the allegations involve these answering Defendants, those allegations are specifically denied.

### COUNT VI
### (Common Law Indemnification – C.L. Peng Construction Management, Inc., Local Tradesmen Group, LLC, and Nahakama, LLC)

84. Defendants restate and reallege their answers to paragraphs 1 through 54 as if fully set forth herein.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

WHEREFORE, Defendants deny all relief sought by Plaintiffs in their prayer for relief, and further request judgment be entered in their favor and against Plaintiffs, including all costs and attorneys' fees incurred defending this matter and all other relief this Court deems just.

## COUNT VII
### (Common Law Contribution – C.L. Peng Construction Management, Inc., Local Tradesmen Group, LLC, and Nahakama, LLC – In the Alterative to Count VII [sic])

90. Defendants restate and reallege their answers to paragraphs 1 through 54 through 55 as if fully set forth herein.

91. Deny.

92. Deny.

93. Deny.

94. Deny.

95. Deny.

WHEREFORE, Defendants deny all relief sought by Plaintiffs in their prayer for relief, and further request judgment be entered in their favor and against Plaintiffs, including all costs and attorneys' fees incurred defending this matter and all other relief this Court deems just.

## COUNT VIII
### (Fees-on-Fees Concerning Indemnification – C.L. Peng Construction Management, Inc.)

As the allegations in Count VIII are not against these Defendants, Defendants make no response to the allegations in Count VIII. To the extent that any of the allegations involve these answering Defendants, those allegations are specifically denied.

## COUNT IX
### (Bad Check Action – Local Tradesmen Group, LLC and Scott Rowan)

100. Defendants restate and reallege their answers to paragraphs 1 through 54 as if fully set forth herein.

101. Deny.

102. Deny.

8

103. Deny.

104. Deny.

105. Deny.

106. Deny.

WHEREFORE, Defendants deny all relief sought by Plaintiffs in their prayer for relief, and further request judgment be entered in their favor and against Plaintiffs, including all costs and attorneys' fees incurred defending this matter and all other relief this Court deems just.

## COUNT X
### (Breach of Contract – Unpaid Commissions against Local Tradesmen)

107. Defendants restate and reallege their answers to paragraphs 1 through 54 as if fully set forth herein.

108. Defendants restate and reallege their answers to paragraphs 1 through 54 as if fully set forth herein.

109. Deny.

110. Deny.

111. Deny.

112. Deny.

WHEREFORE, Defendants deny all relief sought by Plaintiffs in their prayer for relief, and further request judgment be entered in their favor and against Plaintiffs, including all costs and attorneys' fees incurred defending this matter and all other relief this Court deems just.

## COUNT XI
### (Accounting - against Defendant Local Tradesmen)

113. Defendants restate and reallege their answers to paragraphs 1 through 54 as if fully set forth herein.

114. Defendants restate and reallege their answers to paragraphs 1 through 54 as if fully set forth herein.

115. Deny.

116. Deny that Defendants owe any commissions.

117. Deny.

118. Deny.

WHEREFORE, Defendants deny all relief sought by Plaintiff in their prayer for relief, and further request judgment be entered in their favor and against Plaintiff, including all costs incurred defending this matter and all other relief this Court deems just.

## AFFIRMATIVE DEFENSES TO ALL COUNTS

### First Affirmative Defense

Plaintiff Pownall's claims are barred to the extent that these Defendant are not liable in the capacity sued as they are not an employer of Pownall nor a joint employer of Pownall under the FLSA.

### Second Affirmative Defense

Plaintiff Pownall, on information and belief, is the owner of and an employee of American Property Group IV, Inc., that provided services as a contractor. Pownall individually was not an

independent contractor or employee of these Defendants. Thus, Pownall does not have standing to file claims alleging he is an employee of these Defendants.

### Third Affirmative Defense

Pleading in the alternative, in the event Plaintiff Pownall is determined not to be an independent contractor during any period not barred by statute of limitations, Pownall would have been properly classified as an exempt employee pursuant to various exemptions.

### Fourth Affirmative Defense

Pownall's FLSA claims against these Defendants fail to state a claim upon which relief can be granted. In particular, even if found to be an employee, which Defendants deny, Pownall has failed to state any claim for a willful violation of the FLSA against these Defendants.

### Fifth Affirmative Defense

Defendants' actions were in good faith in conformity with and in reliance on administrative regulations, orders, rulings and interpretations issued by the Department of Labor or other governmental entities.

### Sixth Affirmative Defense

If any violation of the FLSA is found, which Defendants denies, the Court should not award liquidated damages, in that any act or omission giving rise to any such violation was in good faith, the Defendants having had reasonable grounds for believing that any such act or omission was not a violation of the FLSA and the Defendants did not show reckless disregard. Thus, the Court, in its sound discretion should award no liquidated damages.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred to the extent they have failed to properly and fully satisfy any condition precedent, including, but not limited to, pre-suit demand notice for claims pursuant to the Florida Minimum Wage Act and as required for claims brought for alleged dishonored checks pursuant to F.S. 68.065.

**Eighth Affirmative Defense**

With respect to Plaintiffs' claims for common law indemnification, those claims fail to state a cause of action upon which relief can be granted. Those claims are barred as Plaintiffs' actions were part or all of cause of the citations at issue and thus, Plaintiffs are not entitled to common law indemnification as in order to be entitled to common law indemnification, the party seeking indemnification must be without fault. *Houdaille Indus. Inc. v. Edwards*, 374 So.2d 490, 492 (Fla. 1979). Moreover, Plaintiffs are not seeking common law indemnification for a tort claim but rather for a violation of Pinellas County Code committed by Plaintiffs.

**Ninth Affirmative Defense**

To the extent that Plaintiffs have made claim for common law contribution, said claim is barred as it fails to state a cause of action upon which relief can be granted. There is no cause of action for common law contribution under Florida law. F.S. 768.31 provides a statutory cause of action for "Contribution Among Tortfeasors". Even if properly pled, Plaintiffs claim fails to state a cause of action as they are seeking contribution for a violation of Pinellas County Code, which is not a tort and thus the claims for contribution are denied.

**Tenth Affirmative Defense**

To the extent that Plaintiffs are able to establish liability, Defendants are entitled to a setoff based for monies that are owed by Plaintiffs including, but not limited to, equipment and supplies owned by Defendants that have not been returned to them and/or additional damages caused by Plaintiffs to these Defendants.

**Eleventh Affirmative Defense**

Plaintiffs have failed to mitigate their damages as required by law.

**Twelfth Affirmative Defense**

Plaintiffs have unclean hands which bars any and all recovery from these Defendants.

**Thirteenth Affirmative Defense**

Plaintiffs' claims are barred by the doctrines of laches, waiver and/or estoppel. Specifically, Pownall never raised the issue of misclassification nor any other issue pertaining to compensation paid to American Property Management while providing services through American Property Management and cannot now taken a contrary legal position.

**Fourteenth Affirmative Defense**

Defendants had verbal contracts with American Property Management and its principal, Pownall, and to the extent that the claims made herein are contrary to the oral contracts, those applicable verbal contracts have been breached by Plaintiffs.

**Fifteenth Affirmative Defense**

To the extent that this Court is exercising supplemental claim over non-FLSA claims pursuant to 28 USC 1367, should the FLSA claims be dismissed or judgment in favor of Defendants

be entered on the FLSA claims, all other state law claims should be dismissed as this Court will no longer have jurisdiction over those claims pursuant to 28 USC 1367(c)(3).

### Sixteenth Affirmative Defense

With respect to Plaintiffs' claim pursuant to F.S. 68.065 against Local Tradesmen, Plaintiffs have failed to plead intent to defraud with particularity and thus, Plaintiffs' claim fails to state a cause of action as to plead a claim involving fraud Plaintiffs must state with particularity the circumstances constituting fraud.

### Seventeenth Affirmative Defense

If liability is found pursuant to F.S 68.065, which Defendant denies, the court or jury should waive all of the statutory damages pursuant to 68.065(7).

### RESERVATION OF RIGHTS

Defendants reserve the right to amend their Answer or to amend or add further affirmative defenses and plead counterclaims after the filing of this pleading.

It has become necessary for Defendants to retain the undersigned attorneys to defend them in this action. Defendants have agreed to pay the undersigned attorney a reasonable fee for their services. Defendants are entitled to a reasonable attorneys' fee award pursuant to, including, but not limited to, 29 U.S.C. §201 et seq. and F.S. 448.110 if they prevail in this action.

WHEREFORE, Defendants respectfully submit that this action should be adjudicated in their favor, and that they should be awarded all taxable costs and attorneys' fees to the extent allowed by law.

**JURY TRIAL DEMAND**

Plaintiffs demanded a trial by jury. Defendants also demand a trial by jury on all issues so triable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system this 22nd day of May 2020, which will send a notice of electronic filing to:

R. Michael Pierro, Jr., Esquire
R. MICHAEL PIERRO, JR., P.A.
146 Second Street North – Suite 310
St. Petersburg, FL 33701
mikepierro@rmpemploymentlaw.com

Brian K. Calciano, Esquire
BRIAN CALCIANO, P.A.
146 Second Street North – Suite 310-DD
St. Petersburg, FL 33701
brian@flemploymentlaw.com

Randall C. Smith, esquire
Walsh Banks PLLC
PO Box 2022
Apopka, FL 32704
RandallSmith@smithbrownlaw.com
Service@walshbanks.com
randallsmithlawyer@gmail.com

        WOLFE LAW TAMPA PLLC

        /s/ Adam M. Wolfe
        Adam M. Wolfe, FBN: 0096768
        412 E. Madison Street, Suite 815A
        Tampa Florida 33602
        T:813-803-0022/F:813-221-9686

Primary email: adam@lawwolfe.com
Attorney for Defendants:
Local Tradesman Group, LLC
Nahakama, LLC
Stephen Mushahwar
Scott Rowan

16